286 So.2d 445 (1973)
EMPLOYERS-COMMERCIAL UNION INSURANCE COMPANY et al., Plaintiffs-Intervenors-Appellants,
v.
Honorable Sherman A. BERNARD, Commissioner of Insurance of the State of Louisiana, Defendant-Appellee.
No. 9496.
Court of Appeal of Louisiana, First Circuit.
November 12, 1973.
Rehearing Denied January 4, 1974.
Writ Granted February 19, 1974.
John S. White, Jr., Baton Rouge, for Maryland.
E. Leland Richardson, Baton Rouge, for Employers & American.
Robert J. Vandaworker, Baton Rouge, for Liberty Mutual.
George R. Blue, New Orleans, for Rating & Aetna.
David L. Conroy, Herschel L. Haag, III, and Joseph E. LeBlanc, Jr., New Orleans, for Car City.
Raymond C. Vinet, Sr., Kenneth DeJean, Baton Rouge, Hugh G. Oliver, Westwego, Elward H. Wright and Mary M. Robinson, Baton Rouge, for defendant-appellee.
Before SARTAIN, TUCKER and WATSON, JJ.
SARTAIN, Judge.
The plaintiff-intervenors (appellants) are foreign insurance corporations authorized to issue policies in Louisiana covering casualty losses and property damage to vehicles.
The defendant is the Honorable Sherman A. Bernard, Commissioner of Insurance of the State of Louisiana (Commissioner).
Under date of September 26, 1972, the Commissioner issued to appellants show *446 cause orders in substantially the following language:
"YOU ARE HEREBY ORDERED TO SHOW CAUSE, if any you have or can, in the Office of the Commissioner of Insurance, Thirteenth Floor, State Capitol, Baton Rouge, Louisiana, on October _______, 1972, at _______ o'clock P.M. before the Commissioner of Insurance of the State of Louisiana why you should not be ordered to cease and desist from violation of the unfair trade practices which is a violation of the provisions of Title 22 of the Louisiana Revised Statutes of 1950, as amended, specified as hereinafter set forth, viz:
"In that you are charging rates for physical damage insurance that produced profits in the State of Louisiana for the year 1971 in excess of ______ percent of the earned premium ($________), all in violation of Title 22 of Louisiana Revised Statute, Sections 1214(12), 1402 and 1404(2).
"WITNESS MY HAND AND OFFICIAL SEAL OF OFFICE, at Baton Rouge, Louisiana, this 26th day of September, 1972.
 /s/ Sherman A. Bernard"
The orders were particularized as to each appellant as follows:

 PREMIUM PROFIT
 CLAIMED BY CLAIMED BY
NAME OF COMPANY COMMISSIONER COMMISSIONER
Employers-Commercial
 Union Insurance Co. $554,640.00 24%
Maryland Casualty Company 332,630.00 22%
Aetna Casualty Insurance Co. 827,000.00 26%
Liberty Mutual Insurance Co. 339,242.00 32%

In their respective petitions, appellants contended (1) that the Commissioner had failed to adopt proper and adequate rules of procedure as required by L.R.S. 49:951 et seq. (Administrative Procedure Act) and sought a writ of mandamus requiring him to do so, and
(2) sought declaratory relief to the effect that the action of the Commissioner constituted "rate regulation" which is within the exclusive province of the Louisiana Insurance Rating Commission (L.I.R.C.) L.R.S. 22:1401.
The trial judge held that the office of the Commissioner of Insurance is an agency covered by the Administrative Procedure Act and directed the Commissioner to adopt appropriate rules before proceeding further.
Inasmuch as the Commissioner has not appealed or answered this appeal, this portion of the judgment has now become final.
With respect to the specific charges of the Commissioner and his authority to conduct hearings for the purposes stated in his communication of September 26, 1972, above, vis a vis, the authority of the L.I. R.C. in the regulation of insurance premiums, the trial judge in his written reasons for judgment reasoned as follows:
"The Commissioner is attempting to hold a hearing to investigate alleged violations of `unfair trade practices' in that Insurers were charging rates for physical damage insurance which produced excessive profits for the year 1971, all in violation of La.R. S. 22:1214(12), 1402 and 1404(2).
"La.R.S. 22:1214(12), which is contained in Part XXVI of the Insurance Code, provides in pertinent part:
"`The following are declared to be unfair methods of competition and unfair or deceptive acts or practices in the business of insurance:
"`* * *
"`(12) Any violation of any prohibitory law of this state.'
"La.R.S. 22:1402, which is contained in Part XXX of the Insurance Code, provides in pertinent part:
"`The purpose of this Part is to promote the public welfare by regulating insurance rates to the end that they shall not be excessive ....'
*447 "La.R.S. 22:1404, which is also contained in Part XXX of the Insurance Code, provides in pertinent part:
"`All rates shall be made in accordance with the following provisions:
"`* * *
"`(2) Rates shall not be excessive....'
"Insurers concede the fact that the Commissioner is authorized to hold hearings to investigate purported unfair trade practices. It is their contention, however, that the Commissioner is without power or authority to consider violations of La.R.S. 1402 and 1404 since the administration and regulation of insurance rates, which is the subject of Part XXX of the Insurance Code, is within the sole and exclusive jurisdiction of the Louisiana Rating Commission. Insurers further contend that they have not violated any `prohibitory' law of this state as alleged by the Commissioner since the laws pertaining to insurance rates are `regulatory' and not `prohibitive.' Insurers, therefore, seek a declaratory judgment which shall declare and hold that the Louisiana Insurance Rating Commission has the sole power and authority under the provisions of La.R.S. 22:1401, et seq., to regulate insurance rates subject to regulation under the provisions of Part XXX, and further, that the Commissioner has no power or authority under the provision of La.R.S. 22:1212(14) [22:1214(12)] to state charges, hold a hearing or issue a cease and desist order when the only alleged violation relates to insurance rates charged by Insurers, which have been filed with the L.I.R.C. and have become effective under the provisions of Part XXX of the Insurance Code.
"The Court is of the opinion that once the Commissioner has complied with the Administrative Procedure Act and has formulated detailed rules of practice, he is within his power and authority, under the specific facts of this case, to hold a hearing to investigate conduct which may or may not be an `unfair trade practice.'
"La.R.S. 22:1215 provides that:
"`The commissioner of insurance shall have power to examine and investigate into the affairs of every person engaged in the business of insurance in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by this Part.'
"The legislature of this state has required the Commissioner to hold a hearing where he shall have any reason to believe that any person is engaged in any unfair practice, and that a hearing by him would be in the public interest. La.R.S. 22:1216 reads in part as follows:
"`... and that a proceeding by him in respect thereto would be to the interest of the public, he shall issue and serve upon such person a statement of the charges and a notice of a hearing thereon to be held in accordance with Part XXIX.'
"It is clear that the office of Commissioner was created to regulate the business of insurance in the public interest and, furthermore, that it is his duty to administer the provisions of the Insurance Code to that end. La.R.S. 22:2 reads in part as follows:
"`A. Insurance is a business affected with the public interest and it is the purpose of this Code to regulate that business in all its phases. Pursuant to the authority of Section 20 of Article V of the Constitution of Louisiana, the office of the Commissioner of Insurance is created. It shall be the duty of the commissioner to administer the provisions of this Code.'
"Thus, by virtue of the provisions of the above quoted sections of the Insurance Code, the Commissioner is clearly vested with jurisdiction in matters relating to unfair trade practices of an insurer with a positive duty to investigate such instances.
"Insurers contend that the Commissioner's statutory authority does not extend to *448 the regulation of insurance rates, which is the exclusive jurisdiction of the Louisiana Insurance Rating Commission.
"The Commissioner argues that it is his purpose to investigate excessive profits, admittedly produced by excessive rates and that any hearing called for this purpose is certainly legal.
"The Court agrees. The rates used by Insurers, which the commissioner alleges, are excessive, are rates filed by a rating organization on behalf of its members. The experience that produced these rates is the composite experience of all the members of the rating organization. The rating organization filed these rates under provisions of La.R.S. 22:1407(F), the so-called modified prior approval law. Under that section, the rates filed are placed into effect without prior approval of the Rating Commission.
"The provision for review of this type of filing is provided under La.R.S. 22:1408(C) and this is the only section of Part XXX that provides for review of a filing made under provisions of R.S. 22:1407(F). The effect of these statutes, in the Court's opinion, is that the Rating Commission may review the filing of a rating organization but is without authority to examine the effect of a rate filing on an individual member of a rating organization.
"Whether La.R.S. 22:1402 and 1404(2) are themselves termed `prohibitory' or `regulatory' is immaterial. The Commissioner's power and authority to hold a hearing and investigate purported unfair trade practices is clearly stated in his show cause order as alleged violations of La.R.S. 22:1214(12). La.R.S. 22:1416 provides that:
"`No person or organization shall wilfully withhold information from or knowingly give false or misleading information to the commission, a division, any statistical agency designated by him, any rating organization, or any insurer which will affect the rates or premiums chargeable under this Part.'
"The above quoted statute is clearly prohibitory. Its administration, therefore, falls within the jurisdiction of the Commissioner, whose task it is to investigate unfair trade practices in the public interest. In order for him to properly perform this mandate, it is imperative that La.R.S. 22:1416 be read in pari materia with La. R.S. 1402 and 1404(2). The Court is of the opinion that this is essential, especially in view of the fact that, as indicated previously, there is no method to review the facts and circumstances surrounding individual information which effects insurance rates.
"Therefore, it is the Court's opinion that the Commissioner may investigate an individual insurer to determine whether or not such insurer wilfully withheld or knowingly gave false or misleading information which subsequently, in part, determined its rates.
"Furthermore, if the Commissioner is of the opinion that a cease and desist order is warranted, said order should be limited to the prohibition enumerated in La.R.S. 22:1416. In other words, this statute cannot be used as a catalyst to prohibit licensed insurers from doing business in the State of Louisiana.
"The decision of this matter is not intended in any way to detract from the authority of the Insurance Rating Commission with regard to the fixing of rates, which authority was granted to that body by the legislature of the State of Louisiana."
Appellants contend that the rates they are charging for physical insurance were duly submitted to and approved by the Casualty and Surety Division, predecessor to the Louisiana Insurance Rating Commission, and in compliance with the pertinent provisions of L.R.S. 22:1407. They argue very strenuously that the show cause order issued by the Commission does not charge them with any unfair trade practices nor with knowingly furnishing false information upon which the rates were *449 based. They state that the authority of the Commission is as set forth in L.S.R. 22:1215, above. The basic premise of their argument is that profits based on rates charged by others in the industry which produce a profit to them is not an unfair trade practice. With this contention we must agree.
It is readily admitted between counsel that on the same rate some insurers are making a profit while others suffer a loss.
We concede that the Commissioner is charged with the responsibility of administering the Insurance Code. However, it is equally clear to us that it was the clear intent of the legislature to vest rate regulation in the Louisiana Insurance Rating Commission.
Absent any charge that the information furnished the Louisiana Insurance Rating Commission is false or inadequate, the Commissioner must act through the Louisiana Insurance Rating Commission, of which he is the Chairman, in matters relating to rate regulation. The fact that the "Modified Prior Approval Law" L.R.S. 22:1407(F) does not contain a provision for a later review of profits does not prevent the Louisiana Insurance Rating Commission from subsequently and periodically reviewing premium rates. Such authority is an inherent right of that regulatory agency.
The Legislature has devised a detailed procedure by which rates are to be established. It has particularly approved the use of rating organizations which carries with it the right to use the composite experience of all its members. This right can not be abrogated by the Commissioner. Unless it is alleged and charged that the information furnished by an individual insurer or a duly recognized rating organization is false, inaccurate or misleading, there is no unfair trade practice.
The show cause order of the Commissioner is an effort on his part to modify premium rates charged by the appellants. The desired result of these show cause orders, and admittedly the aim of the Commissioner, is to modify the premium rates charged by the appellants. This is rate regulation and we must conclude that it is not within the Commissioner's authority. Any further change in the manner in which rates are to be determined or modified is a matter which addresses itself to the legislature.
Accordingly, for the above reasons, the judgment of the district court is reversed and judgment is rendered herein declaring that the regulation of premium rates falls within the exclusive jurisdiction of the Louisiana Insurance Rating Commission; and, further, that the Commissioner may hold hearings but such hearings must be limited to unfair trade practices as specified in or reasonably determined to be within the purview and intent of L.R.S. 22:1214.
All such costs as are authorized by law are assessed against the Commissioner.
Reversed and rendered.